IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-159-RAW |
| ) | |
| CODY NASH JAMES, ) | |
| ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the court is the motion of the defendant to dismiss. The indictment charges defendant with one count of murder in Indian country and a second count of causing the death of a person in the course of using a firearm during a crime of violence. The charged conduct took place in July, 2004 and defendant was seventeen years old at the time. The matter had proceeded in state court, but it has now been determined that the State of Oklahoma lacked jurisdiction. Defendant has now been indicted in this court.

Defendant's argument is as follows: the governing statute regarding the murder charge, 18 U.S.C. §1111(b), provides that the punishment for first degree murder is death or imprisonment for life. Defendant notes Supreme Court authority that imposition of the death penalty or a mandatory life sentence on a defendant who was under the age of 18 at the time of the crimes is unconstitutional.

The motion, however, will not be granted at this time. "Eighth Amendment challenges are generally not ripe until the imposition, or immediately pending imposition, of

a challenged punishment or fine." *Cheffer v. Reno,* 55 F.3d 1517, 1523 (11th Cir.1995). *See also United States v. Brull,* 2013 WL 1092885, *1 (D.Kan.2013); *United States v. Warren,* 2010 WL 11619337, *1 (D.N.M.2010).

Even addressing the merits, as the parties do in their briefs, the matter is uncertain, as there is no controlling authority. Defendant cites *United States v. Under Seal,* 819 F.3d 715 (4th Cir.2016), in which the court held that a juvenile's transfer to adult proceedings was unconstitutional where the charged offense – murder in aid of racketeering, in violation of 18 U.S.C. §1959(a) – required at least a life sentence. The government cites *United States v. Bonilla-Romero,* 984 F.3d 414 (5th Cir.2020), in which the appellate court upheld the district court's determination that the "death" and "mandatory life imprisonment" language could be "severed" from Section 1111(b) [the statute involved in the case at bar], leaving the defendant facing a lesser (constitutionally permissible) sentence. The matter may be revisited should the defendant be convicted as to Count One and approaches sentencing.

In any event, as the government notes, the charging statute under Count Two does not present this issue, and therefore the entire indictment would not be dismissed under the present motion.

It is the order of the court that the motion of the defendant to dismiss (#35) is hereby denied.

**ORDERED this 25th day of October, 2021**

*[signature: Ronald A. White]*

**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**